UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TAMARA JEAN HENDERSON-PROUTY, | Case No. 19-CV-2742 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| LOUIS DEJOY, Postmaster General, | |
| Defendant. | |

Plaintiff Tamara Henderson-Hoving,[1] acting pro se, commenced this action against the United States Postal Service ("USPS") on October 21, 2019, alleging that the USPS discriminated against her in violation of the Age Discrimination in Employment Act ("ADEA") when it did not hire her to fill a vacant position in the Balaton (Minnesota) post office. ECF No. 1. Following Magistrate Judge Hildy Bowbeer's referral of the case to the Pro Se Project,[2] attorney Zane Umsted agreed to represent Henderson-Hoving, and Henderson-Hoving agreed to be represented by Umsted. ECF No. 19. Umsted filed an amended complaint on Henderson-Hoving's behalf, ECF

---

[1] At the time that she filed this action, Henderson-Hoving was known as Tamara Henderson-Prouty. Her former name is reflected in the caption and in most of the documents in the record.

[2] The Pro Se Project is "a partnership between the United States District Court for the District of Minnesota and the Minnesota Chapter of the [Federal Bar Association]" that is intended "to increase access to the federal court system while at the same time addressing the unique challenges of pro se litigation." *Rickmyer v. ABM Sec. Servs., Inc.*, No. 15-CV-4221 (JRT/FLN), 2016 WL 1248677, at *5 (D. Minn. Mar. 29, 2016).

No. 34, and continued to represent her as the case proceeded through summary judgment. On Henderson-Hoving's behalf, Umsted filed a memorandum and exhibits opposing the USPS's motion for summary judgment, ECF Nos. 44–45, and Umsted represented Henderson-Hoving at oral argument before the Court on September 24, 2021, ECF No. 47. On January 28, 2022, the Court granted the USPS's motion for summary judgment and ordered that Henderson-Hoving's complaint be dismissed with prejudice and on the merits. ECF No. 48.

On February 14, 2022, after learning that the Court had dismissed her case, Henderson-Hoving filed a pro se motion for a new trial.[3] ECF No. 50. A trial never occurred in this case, however, so the Court construes her motion as a motion for relief from judgment under Fed. R. Civ. P. 60(b). Rule 60(b) permits the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for a variety of reasons, including "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." The relief provided by Rule 60(b) is "extraordinary" and "may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam)).

---

[3]Upon learning of Henderson-Hoving's motion, Umsted moved to withdraw as counsel, and Magistrate Judge John F. Docherty granted his motion on February 24, 2022. ECF No. 58.

The crux of Henderson-Hoving's motion is that she wants a "do-over" of the summary-judgment proceeding because Umsted did not make some arguments that she wanted him to make or present the Court with some evidence that she wanted him to present. But Henderson-Hoving has not described any of the arguments or evidence that she believes Umsted should have presented, and therefore she has not demonstrated "exceptional circumstances" justifying relief.

More importantly, though, Rule 60(b) is not a vehicle by which litigants who are unhappy with the result of a summary-judgment proceeding can ask for a "do-over." Rule 60(b) "does not permit litigants and their counsel to evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous." *U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 896 (8th Cir. 2015) (quoting *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002)). Like every litigant who is represented by counsel, Henderson-Hoving is bound by the choices of her attorney. Rule 60 does not give her the right to reargue the USPS's summary-judgment motion because she is not satisfied with the choices made by her attorney. *See Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118–19 (8th Cir. 1997) (parties are bound by their counsel's acts and a malpractice action, not Rule 60, is the appropriate way to address any of counsel's alleged deficiencies).

For these reasons, the Court denies Henderson-Hoving's motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT plaintiff's motion for a new trial [ECF No. 50] is DENIED.

Dated: March 7, 2022                    s/Patrick J. Schiltz
                                        Patrick J. Schiltz
                                        United States District Judge